UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
SCRANTON DIVISION

| | |
|---|---|
| INTERMETRO INDUSTRIES CORPORATION,<br>　　　　　　Plaintiff,<br><br>　　　v.<br><br>CAPSA SOLUTIONS, LLC,<br>　　　　　　Defendant. | No. 3:13-cv-02853-RDM<br><br>(Hon. Robert D. Mariani)<br><br>JURY TRIAL DEMANDED |

**MEMORANDUM IN SUPPORT OF DEFENDANT
CAPSA SOLUTIONS, LLC'S MOTION TO DISMISS
THE WILLFUL INFRINGEMENT CLAIMS OF
PLAINTIFF INTERMETRO INDUSTRIES CORPORATION**

　　Defendant Capsa Solutions, LLC ("Capsa"), by its counsel, respectfully submits this Memorandum in Support of its Motion to Dismiss the Willful Infringement Claims of Plaintiff InterMetro Industries Corporation ("InterMetro") pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## I.　　PROCEDURAL HISTORY

　　InterMetro filed its Complaint against Capsa on November 22, 2013, alleging, inter alia, that Capsa directly, indirectly, and willfully infringes six U.S.

patents belonging to InterMetro.[1]  (Dkt. No. 1.)  On December 17, 2013, Capsa filed an unopposed motion for an extension of time in which to respond to InterMetro's Complaint, which the court granted on December 19, 2013.  (Dkt. Nos. 15, 20.)  On January 2, 2014, the court set a case management conference for February 26, 2014.  (Dkt. No. 27.)  On January 6, 2014, Capsa filed a second unopposed motion for an extension of time to January 24, 2014, in which to respond to InterMetro's Complaint, which the court granted on January 8, 2014. (Dkt. Nos. 28, 31.)

## II.   STATEMENT OF FACTS

InterMetro's Complaint against Capsa alleges six counts of patent infringement.  *See* Compl. ¶¶ 30-136 (Dkt. No. 1.)  Specifically, the Complaint accuses Capsa of infringing U.S. Patent No. 6,493,220; U.S. Patent No. 6,721,178; U.S. Patent No. 7,612,999; U.S. Patent No. 7,791,866; U.S. Patent No. 7,990,691; and U.S. Patent No. 8,526,176 (collectively, the "Patents-in-Suit").  *Id.*  Each count includes a conclusory allegation that Capsa knows of the particular patent-in-suit and that Capsa's alleged "infringing activities have been willful and deliberate":

---

[1] On the same date, InterMetro filed four similar complaints in this Court, against Howard Industries, Enovate Medical, LLC, Ergotron, Inc., and Rubbermaid Inc.: Case Nos. 3:13-cv-02854-RDM (Enovate Medical, LLC); 3:13-cv-02855-RDM (Ergotron, Inc.); 3:13-cv-02856-RDM (Howard Industries, Inc.); and 3:13-cv-02857-RDM (Rubbermaid Inc.).

> 41. In view of the facts alleged herein, Capsa has known of the '220 patent, or has been willfully blind to the '220 patent's existence, since at least 2009.
>
> 42. Capsa's infringing activities have been willful and deliberate.

*Id.* ¶¶ 41, 42; *see also id.*, ¶¶ 61, 77, 95, 115, and 133. In addition, in its Prayer for Relief, InterMetro prays that the Court enter judgment against Capsa declaring that it "has willfully infringed" the Patents-in-Suit. *Id.*, Prayer for Relief, ¶ A.

### III. STATEMENT OF QUESTION INVOLVED

Whether the court must dismiss the willful infringement claims in InterMetro's complaint because InterMetro did not satisfy the requirements for pleading willful infringement, at least because InterMetro failed to allege facts showing that Capsa had pre-suit knowledge of the Patents-in-Suit.

### IV. ARGUMENT

InterMetro's Complaint does not plead adequate facts to support its claims of willful infringement against Capsa. Although InterMetro parrots the language of the relevant statutes, it fails to allege any of the facts necessary to support an essential element of its claims for willful infringement: Capsa's pre-suit knowledge of the Patents-in-Suit. The court should therefore dismiss InterMetro's claims for willful infringement under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.

3

A. **Legal Standard for a Motion to Dismiss**

A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," to "give the defendant fair notice of what the…claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks omitted) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *see also* Fed. R. Civ. P. 8(a)(2). This standard requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A motion filed under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint's factual allegations. When presented with a motion to dismiss for failure to state a claim, courts perform a two-part analysis. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210–11 (3d Cir. 2009); *cf. Phonometrics, Inc. v. Hospitality Franchise Sys., Inc.*, 203 F.3d 790, 793 (Fed. Cir. 2000) (applying regional circuit law to a motion to dismiss). First, a court accepts all of the complaint's well-pleaded facts as true, without accepting unwarranted factual inferences, and disregarding any legal conclusions. *Fowler*, 578 F.3d at 210–11; *see also Iqbal*, 556 U.S. at 678 (a court is "not bound to accept as true a legal conclusion couched as a factual allegation"). Second, a court determines whether the facts alleged in the complaint are sufficient to show that the plaintiff set forth a "plausible claim for relief." *Fowler*, 578 F.3d at 211 (quoting *Iqbal*, 556 U.S. at

4

679); *see also Twombly*, 550 U.S. at 570. Accordingly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A claim is only plausible if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). By contrast, "[w]here a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557); *see also In re Bill of Lading Transmission & Processing Sys. Patent Litig.)*, 681 F.3d 1323, 1332 (Fed. Cir. 2012).

**B.    The Court Should Dismiss InterMetro's Willful Infringement Claims Because the Complaint Fails to Allege that Capsa Had the Requisite Pre-Suit Knowledge of the Patents-in-Suit.**

If proven, a claim for willful infringement can result in trebling of any actual damages. 35 U.S.C. § 284. To assert a claim for willful infringement, a plaintiff must properly plead that the defendant had pre-suit knowledge of the patent(s)-in-suit. *See, e.g., Netgear Inc. v. Ruckus Wireless Inc.*, Civ. No. 10-cv-00999-SLR, 2013 WL 1124036, at *1 (D. Del. Mar. 14, 2013) (dismissing the plaintiff's willful infringement claims and holding that "allegations of willful infringement are insufficient if the alleged infringer had no pre-suit knowledge of the patent-in-

suit") (attached as Exh. A); *Execware, LLC v. Staples, Inc.*, Civ. No. 11-cv-00836-LPS-SRF, 2012 WL 6138340, at *6 (D. Del. Dec. 10, 2012) ("*Execware I*") (dismissing the plaintiff's willful infringement claims and holding that a plaintiff's "failure to plead that [the defendant] had pre-suit knowledge of the [patent(s)-in-suit] is fatal to its claim for willful infringement") (attached as Exh. B) *adopted by* 2013 WL 171906, at *1 (D. Del. Jan. 16, 2013) (attached as Exh. C); *see also i4i Ltd. P'ship v. Microsoft Corp.*, 598 F.3d 831, 860 (Fed. Cir. 2010) ("Infringement is willful when the infringer was *aware of the asserted patent*, but 'acted despite an objectively high likelihood that its actions constituted infringement of a valid patent.'") (quoting *In re Seagate Tech., LLC*, 497 F.3d 1360, 1371 (Fed. Cir. 2007)) (emphasis added); *Gustafson, Inc. v. Intersystems Indus. Prods., Inc.*, 897 F.2d 508, 511 (Fed. Cir. 1990) ("[A] party cannot be found to have 'willfully' infringed a patent of which the party had no knowledge.").

Courts rigorously enforce these requirements and will dismiss a plaintiff's complaint if it fails to properly plead pre-suit knowledge of the patents-in-suit. *See, e.g.*, *Netgear*, 2013 WL 1124036, at *1 (dismissing the plaintiff's willful infringement claims where plaintiff's complaint did not allege the defendant's pre-suit knowledge of the patents-in-suit). In the present case, InterMetro's Complaint does not plead that Capsa had the requisite pre-suit knowledge of the Patents-in-

Suit. This ends the inquiry and requires dismissal of InterMetro's willfulness claims against Capsa. *Id.*

InterMetro's Complaint fails to plead facts that, if taken as true, would plausibly suggest that Capsa had actual knowledge of the Patents-in-Suit before InterMetro filed its Complaint. Rather, InterMetro makes certain allegations that it apparently hopes will add up to an inference of the possibility that Capsa could have had such knowledge. For example, the Complaint alleges simply that InterMetro and its predecessors-in-interest to the Patents-in-Suit have: (1) issued various press releases concerning its patents and published product brochures with notice of its patents (Compl., ¶¶ 10, 15); (2) sued other industry competitors for infringing its patents (*id.*, ¶¶ 13, 20, 22); (3) marked its products with its patent numbers (*id.*, ¶¶ 16, 28); (4) approached competitors at trade shows to inform them of its patents (*id.*, ¶¶ 16); and (5) sent letters to competitors offering to an opportunity to license its patent rights (*id.*, ¶¶ 16, 18, 19).

These allegations, even in the aggregate, do not amount to an allegation of actual knowledge of the Patents-in-Suit by Capsa. Indeed, none of these allegations refers to Capsa or provides a basis upon which to infer that Capsa had direct knowledge of the Patents-in-Suit. Therefore, these allegations are insufficient to permit the Court to infer that Capsa actually had such knowledge. *In re Bill of Lading*, 681 F.3d at 1332 (quoting *Twombly*, 550 U.S. at 546); *see also*

*Eon Corp. IP Holdings, LLC v. Flo TV, Inc.*, 802 F. Supp. 2d 527, 533–34 (D. Del. 2011) (an allegation of mere participation in the relevant market is insufficient to establish knowledge of a competitor's patent).

Finally, to the extent that InterMetro's willfulness claims rely on post-filing conduct, they are defective as a matter of law and should, therefore, be dismissed. *See Seagate*, 497 F.3d at 1374 ("[A] willfulness claim asserted in the original complaint must necessarily be grounded exclusively in the accused infringer's pre-filing conduct."); *Execware I*, 2012 WL 6138340, at *6–7 (attached as Exh. B) (stating that "Execware's failure to plead that Staples had pre-suit knowledge of the [asserted] patent is fatal to its claim for willful infringement," and dismissing a willful infringement claim based on post-filing knowledge).

**C.  The Court Should Dismiss InterMetro's Willful Infringement Claims Because the Complaint Also Fails to Allege that Capsa Was "Objectively Reckless" in its Actions.**

Because InterMetro failed to plead Capsa's pre-suit knowledge of the Patents-in-Suit, the Court need not address the second element of pleading willful infringement, *i.e.*, "'a showing of objective recklessness' on the part of the alleged infringer to the risk of infringement." *Seagate*, 497 F.3d at 1371. Even if it did address this issue, however, the Complaint neither alleges that Capsa was objectively reckless, nor identifies a single fact regarding Capsa's conduct that could arguably constitute objective recklessness. Instead, InterMetro's Complaint

8

alleges only that Capsa "has known of the [asserted] patent, or has been willfully blind to the [asserted] patent's existence . . . and that Capsa's infringing activities have been willful and deliberate." *See* Compl. at ¶¶ 41, 42, 60, 61, 76, 77, 94, 95, 114, 115, 132, 133. Neither of these statements is an allegation of fact that is sufficient to satisfy the standard of a plausible claim for relief. Thus, this second pleading failure also warrants dismissal of InterMetro's claims of willful infringement against Capsa. *HSM Portfolio LLC v. Fujitsu Ltd.*, No. 11-cv-00770-RGA, 2012 WL 2580547, at *1–2 (D. Del. July 3, 2012) (attached as Exh. D) (dismissing a claim for willful infringement where the relevant paragraph said only that the infringement was "willful and intentional").

## V. CONCLUSION

For the reasons stated above, InterMetro's Complaint against Capsa fails to state a claim for willful patent infringement. Accordingly, Capsa respectfully requests that the Court dismiss InterMetro's claims for willful infringement pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Respectfully submitted,

By:   *s/ Jan L. Budman II*
     Jayson R. Wolfgang
     I.D. #62076
     Jan L. Budman II
     I.D. #203200
     **BUCHANAN INGERSOLL & ROONEY PC**

|  |  |
|---|---|
|  | 409 North Second Street, Suite 500<br>Harrisburg, PA  17101<br><br>Scott D. Eads<br>OR 910400<br>*Special admission granted*<br>Bryan D. Beel<br>OR 073408<br>*Special admission granted*<br>**PERKINS COIE LLP**<br>1120 N.W. Couch Street, Tenth Floor<br>Portland, OR  97209-4128<br><br>*Attorneys for Defendant*<br>*Capsa Solutions, LLC* |
| DATED:  January 24, 2014 |  |

## **CERTIFICATE OF SERVICE**

    I, Jan L. Budman II, hereby certify that the foregoing document was filed via the Court's ECF/CM filing system in the above-captioned matter and that pursuant to L.R. 5.7 the Court's transmission of the Notice of Electronic Filing constitutes service of the filed document.


                                                      By:  *s/Jan L. Budman II*
                                                         Jan L. Budman II

DATE:  January 24, 2014